**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT M.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL SECURITY<br><br>Defendant. | No. 25 CV 15528<br><br>Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert M. appeals the Commissioner of Social Security's decision denying his application for benefits. For the following reasons, plaintiff's motion to reverse and remand [16] is denied, defendant's motion for summary judgment [19] is granted, and the denial of benefits is affirmed.[1]

## Background

In August 2022, plaintiff applied for supplemental security income, alleging an onset date of August 8, 2022. [15-1] 17. The claims were denied initially, on reconsideration, and by an administrative law judge (ALJ) after a hearing. [*Id.*] 17-31. The Appeals Council denied review in October 2025 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court, and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. [15-1] 20. At step two, the ALJ determined that plaintiff suffers from the following severe impairments: history of cerebrovascular accident (CVA), hypertension thrombosis, atrial fibrillation status post conversion, history of congestive heart

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [15], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [9].

failure, and chronic kidney disease. [*Id.*] 20-22. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal a listed impairment. [*Id.*] 22-23. Before turning to step four, the ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform light work, except that plaintiff could only occasionally climb ladders, ropes, and scaffolds and must avoid concentrated exposure to hazards. [*Id.*] 23-29. At step four, the ALJ held that plaintiff had no past relevant work. [*Id.*] 29. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: marker (97,000 jobs), routing clerk (88,000 jobs), and collator operator (19,000 jobs). [*Id.*] 29-30 The ALJ therefore determined that plaintiff was not disabled. [*Id.*] 31.

## Legal Standard

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that a remand is warranted because the ALJ did not "properly evaluate" records from his stay at the Atrium nursing home and "mischaracterized the nature, intensity, and functional relevance of the care provided" to him at Atrium. [16] 3. According to plaintiff, the ALJ should not have credited his own testimony that he functions well enough to live independently and should have concurred with the view reflected in an Atrium report that he required assistance with activities of daily living (ADLs), managing medications, and preparing meals. [*Id.*] 5-6. Plaintiff maintains that the ALJ did not build a logical bridge from the nursing home records to his conclusion that plaintiff could perform light work. [*Id.*] 9-11. Because plaintiff's argument asks the Court to reweigh the evidence before the ALJ and assign more weight to the evidence surrounding plaintiff's stay at Anthem than the ALJ did, the Court rejects it.

Here, the ALJ recounted plaintiff's testimony that he "lives at Atrium nursing home and has been at this residence for almost 2.5 years," that "he lives at this facility due to his mental condition" and "because he has no money," and that "he has a friend, who is willing to give him an apartment, but he made no attempts." [15-1] 23-24. Because plaintiff did not receive treatment at Atrium, "other than getting routine heart medications[,]" [*id.*] 27, the ALJ characterized plaintiff's treatment history as

"very conservative." [*Id.*]. The ALJ also considered the opinion evidence from Dr. Henry Fine, a consultative psychiatrist, who opined that plaintiff's "psychiatric issues did not appear to impact the claimant's functioning currently, although the psychiatrist reiterated that [plaintiff] was in a controlled environment (nursing home), which might make a difference." [*Id.*] 28. After reviewing the evidence of record–including the evidence relating to plaintiff's life at the nursing home and the broader medical record–the ALJ concluded that:

> All told, the record shows that after his CVA, which required hospital and rehab admission, his heart and CVA significantly improves, as evidenced by normal cardiac work up, physical examinations, reported functional abilities, and very conservative treatment for his heart condition. In fact, he takes only routine medications for his cardiac condition and has had no ER or hospital stays after the CVA. In this case, the claimant's history of CVA, hypertension thrombosis, Atrial Fibrillation, history of CHF, and CKD are accommodated in the RFC with light work, except climb ladders, ropes and scaffolds occasionally, and avoid concentrated exposure to hazards, including dangerous moving machinery and unprotected heights.

[*Id.*].

To support the RFC determination, the ALJ relied on the "persuasive" opinions of the state agency reviewers, who concluded at the reconsideration level that (1) plaintiff's mental impairments were nonsevere because "they resulted in no limitations" in the four areas of mental functioning and (2) plaintiff could perform light work. [15-1] 28.[3] The ALJ also specifically considered whether and to what extent plaintiff's living in a structured environment like a nursing home affected his mental functioning:

> Regarding Dr. Fine's statement about the claimant residing in a controlled environment, the undersigned has considered it, but at the hearing, the claimant also stated that the main reason he is still residing in the nursing home is because he has no funds to get his own place. Additionally, during his neurology follow up in August 2023, he stated that he did not receive any therapy at Atrium and that other than taking the medications provided by the staff, he spent his entire day by himself. While it is not clear why he continues to reside at the nursing home, the record does reveal that he is not receiving any targeted mental health treatment at the nursing home.

[*Id.*] 28-29 (internal citations omitted).

[3] The reviewers at the initial level concluded that there was insufficient evidence to address plaintiff's mental and physical impairments. [15-1] 28.

The Court concludes that the ALJ's decision has a substantial basis in the evidence. While plaintiff insists that the ALJ should have credited or given more weight to the Atrium report reflecting that he needed assistance to manage his medications, prepare meals, and perform ADLs, it was the ALJ's responsibility to resolve the conflict between that report and plaintiff's own testimony that he remained at Atrium mainly because he could not afford to live elsewhere. *See Andrew E. v. Bisignano*, No. 25 CV 5253, 2026 WL 2517218, at *6 (N.D. Ill. Aug. 26, 2026) ("making judgment calls based on the evidence in the record is the ALJ's job"); *see also Anna H. v. Kijakazi*, No. 20 CV 7137, 2022 WL 4607923 at *6 (N.D. Ill. Sep. 30, 2022) ("Even if reasonable minds could differ as to the effect of Claimant's headaches on her ability to work full time, the Court must defer to the ALJ's judgment and weighing of the evidence under these circumstances."). The state agency reviewers' opinions that plaintiff's mental impairments were nonsevere and his physical impairments imposed no limitations provided additional support for the ALJ's decision, and plaintiff does not challenge the ALJ's reliance on that evidence. *See Marianita M. v. Bisignano*, No. 24 CV 7695, 2026 WL 472924, at *5 (N.D. Ill. Feb. 19, 2026) ("ALJ's reliance on the opinions of the state agency reviewers–whom the applicable regulations recognize are highly qualified experts in Social Security disability evaluation–provides substantial evidentiary support" for ALJ's RFC determination). What's more, plaintiff did not offer any opinion evidence from his providers to establish that he was incapable of light work or that the RFC determination should have included additional limitations. Finally, and most relevant to plaintiff's appeal, the ALJ considered–and rejected–the claim that it was only because plaintiff lived in a nursing home that his mental impairments did not affect his functioning. *See* [15-1] 28-29. That finding was supported by the evidence that plaintiff received "no targeted mental-health treatment at the nursing home" [*id.*] 29, and, as well, by plaintiff's testimony that his continued stay at Atrium was a product of his financial circumstances, not his physical and mental impairments. The Court has no power to second-guess that conclusion. *See Chrisman o/b/o N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (court reviewing ALJ decision "will not reconsider facts, reweigh evidence, or resolve conflicts").

## Conclusion

Plaintiff's motion to reverse and remand [16] is denied, defendant's motion for summary judgment [19] is granted, and the denial of benefits is affirmed.

Heather K. McShain

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 24, 2026**